IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JUSU BEMAH | * | |
|     Petitioner, | | |
| v. | * | CIVIL ACTION NO. AW-05-2303 |
| ALBERTO GONZALES | * | |
| MICHAEL CHERTOFF | | |
| CALVIN MCCORMICK | * | |
| WARDEN, WICOMICO COUNTY | | |
|   DETENTION CENTER | * | |
|     Respondents. | | |

******

**MEMORANDUM**

Petitioner Jusu Bemah filed this counseled 28 U.S.C. § 2241 Petition for habeas corpus relief on August 19, 2005, challenging his administratively final order of removal. Petitioner claims that his underlying criminal conviction for third degree sex offense does not constitute a "crime of violence" to meet the definition for an "aggravated felony" under Immigration and Naturalization Act ("INA") § 101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F). Paper No. 1. He attacks the decisions of the Immigration Courts which: (i) found him removable as an alien who had committed an aggravated felony and (ii) pretermitted his application for withholding of removal on the basis of ineligibility. *Id*. Petitioner asserts that the aforementioned decisions are erroneous and contrary to law. For reasons to follow the Petition shall be transferred to the United States Court of Appeals for the Fourth Circuit based on the Real ID Act of 2005 ("RIDA" or "the Act").

According to the action, Petitioner is a native and citizen of Liberia. He entered the United States as a lawful permanent resident on May 14, 1994. Paper No. 1. On February 8, 1999, Petitioner pleaded

guilty to the offense of third degree sex offense in the Circuit Court for Prince George's County, Maryland and was sentenced to a one-year suspended sentence and three years supervised probation. Paper No. 1. The Department of Homeland Security charged Petitioner as removable from the United States as an alien having committed an "aggravated felony" under the applicable immigration statute. *Id*. Petitioner denied the charges of removability, but an Immigration Judge sustained the charges and ordered Petitioner removed from the United States. Petitioner sought withholding of removal relief, which was denied by an Immigration Judge. On March 7, 2004, Petitioner filed an appeal with the Board of Immigration Appeals ("BIA"). On June 30, 2005, the BIA affirmed the Immigration Judge's decision and dismissed Petitioner's appeal.[1]

On May 11, 2005, President Bush signed the Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005, Pub.L. No. 109-13, 119 Stat. 231 (2005). Included within this far-reaching legislation is RIDA. Section 106(a)(1)(B) of RIDA substantially modifies the route aliens must take to seek judicial review of an order of removal.

Section 106(a)(1)(B)(5) states that:

[N]otwithstanding....section 2241 of title 28, United States Code, or any other habeas corpus provision,....a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issues under any provision of this Act....For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and "jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651....

RIDA makes the circuit courts the "sole" judicial body able to review challenges to final orders of

---

[1] There is no record that counsel filed a petition for review in the United States Court of Appeals for the Fourth Circuit pursuant to 8 U.S.C. § 1252(b).

deportation, exclusion, or removal and undoubtedly divests this court of jurisdiction to review this Petition. The Act instructs the district courts to transfer any habeas petitions pending in the district court on the date of the enactment of the Act to the appropriate circuit court to be treated as a petition for review, without regard to whether the habeas petition had been filed within thirty days of the final order of removal, as required for petitions for review under 8 U.S.C. § 1252(b)(1). *See* RIDA § 106(c). The Act is, however, silent as to what was to be done with habeas petitions filed after the enactment date. Are such petitions to be dismissed or may they be transferred to the courts of appeals?

Given the circumstances in this case the undersigned shall not dismiss the cause of action, but shall treat the Petition as one for review improperly filed in this court, transfer it to the United States Court of Appeals for the Fourth Circuit, and administratively close the matter.[2]  A separate Order follows.

Date: <u>August 29, 2005</u>                             <u>       /s/                              </u>
                                                        Alexander Williams Jr.
                                                        United States District Judge

---

[2]  At present, the Fourth Circuit has not indicated whether the transfer of such habeas corpus petitions is acceptable. The government has argued that transfer of post-RIDA habeas corpus cases under 28 U.S.C. § 1631 is inappropriate where the action could not have originally been brought in the transferee court. *See* 28 U.S.C. § 1631 (court lacking jurisdiction shall, if it is in the interests of justice, transfer action to any other such court in which the action could have been brought at the time it was filed or noticed). Under such an argument, however, Petitioner would effectively be foreclosed from obtaining review of his statutory claims as any re-filed petition in the Fourth Circuit could automatically be deemed untimely under 8 U.S.C. § 1252(b)(1) (petition for review is to be filed 30 days after the date of the final order of removal). Moreover, the undersigned observes that the RIDA conference report noted that the intent of RIDA is to "give every alien one day in the court of appeals...." *See* H.R.Rep. No. 109-72, at 175 (2005). The argument for dismissal of this case would arguably preclude an alien from judicial review of statutory and constitutional claims in the appellate courts. Finally, given the underlying constitutional implications of RIDA, *see Wahab v. U.S. Attorney General*, 373 F.Supp.2d 524, 525-26 (E.D. Pa. 2005), appellate scrutiny of the relevant issues is warranted. Therefore, the undersigned deems it appropriate to transfer this case to the Fourth Circuit.

3